UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

GLENN ARCHIE JOHNSON,                                    Civil No. 11-399 (RHK/AJB)

        Plaintiff,

    v.                                            **REPORT AND RECOMMENDATION**

YOST AND BAILL, LLP, and
STATE FARM MUTUAL
AUTOMOBILE COMPANIES,

        Defendants.

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

## I.  BACKGROUND

Plaintiff commenced this action by filing a complaint seeking relief against a Minnesota law firm, Defendant Yost and Baill, LLP, [hereafter "Yost and Baill"], and its client, Defendant State Farm Mutual Automobile Companies, [hereafter "State Farm"]. (Docket No. 1.)  Plaintiff alleges that in November 2010, Yost and Baill commenced a state court lawsuit against him on behalf of State Farm.  That lawsuit arose from an automobile accident that allegedly occurred in March 2007.  Evidently, State Farm believes that Plaintiff caused the accident, and sued him to recover $15,000.00 for damages resulting from the

accident.

Plaintiff alleges that he knows nothing about the accident that precipitated Defendants' state court lawsuit against him.  After Plaintiff was sued, he tried to obtain some information about the accident, but received no response from Defendants.  Plaintiff allegedly filed an answer to the complaint in the state court lawsuit, seeking to have the case dismissed, "because it was frivolous and without merit."  (Complaint, p. 4, ¶ 5.)  According to the complaint, even though Plaintiff's answer was not "ruled and/or addressed," a default judgment was entered against him in the state court lawsuit on January 10, 2011.  (Id., pp. 5-6, ¶s 5, 7.)

Plaintiff is now attempting to sue Defendants in federal court, seeking a "declaration of [his] rights as a citizen."  He is also seeking $15,000.00 in "actual damages" from each Defendant, and $15,000.00 in punitive damages from each Defendant.

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for subject matter jurisdiction in this action.  The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II.  DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Federal subject matter jurisdiction exists only if (1) the complaint raises a claim based on federal law, 28 U.S.C. § 1331, or (2) there is "diversity of citizenship" between the parties and the "amount in controversy" exceeds $75,000.00, 28 U.S.C. § 1332. In this case, there are no grounds for federal subject matter jurisdiction under either the "federal question" statute, or the "diversity of citizenship" statute.

Plaintiff's complaint does not identify the legal basis for his lawsuit against Defendants. However, the civil cover sheet filed with the complaint includes the phrase "abuse of process," and in light of the facts pleaded in the complaint, that appears to be the only conceivable theory on which this lawsuit could be based.[2] However, abuse of process is a state common law tort theory, so a claim based on that theory cannot support subject matter jurisdiction in federal court. Thus, the Court concludes that subject matter jurisdiction cannot exist under the federal question statute, 28 U.S.C. § 1331.

It is also evident that subject matter jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. The complaint, as well as the accompanying civil

---

[2] The caption of Plaintiff's complaint refers to 42 U.S.C. § 1983, and the civil cover sheet refers to the "14th Amendment," but Plaintiff obviously cannot be attempting to bring a § 1983 civil rights action against Defendants, because Defendants are not alleged to be "state actors," and it is clear that Defendants are private parties, not agents or employees of the state. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), cert. denied, 535 U.S. 1017 (2002).

3

cover sheet, clearly indicate that both Plaintiff and Defendant Yost and Baill are residents of Minnesota.[3] Furthermore, Plaintiff is seeking a total of only $60,000.00 in damages from Defendants, so the statutory "amount in controversy" requirement has not been met. Therefore, subject matter jurisdiction does not exist under 28 U.S.C. § 1332.

Because it clearly appears that there are no grounds for federal subject matter jurisdiction in this case, Plaintiff's current complaint cannot be entertained in federal court. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[4]

## III.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

---

[3] Plaintiff has not identified the residence of Defendant State Farm.  However, for purposes of § 1332, diversity means "complete diversity" – i.e., none of the parties on one side of the lawsuit can be from the same state as any of the parties on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant").  Because Plaintiff and Defendant Yost and Baill are residents of the same state, (Minnesota), subject matter jurisdiction could not be based on diversity of citizenship, even if Plaintiff and Defendant State Farm are considered to be residents of different states.

[4] The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that he will have to pursue his claims in state court, rather than federal court.  It is doubtful, however, that Plaintiff's current complaint could survive preliminary review even in state court, because he has done a poor job of describing his claims.  Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

2.   This action be summarily **DISMISSED** for lack of subject matter jurisdiction,

pursuant to Fed. R. Civ. P. 12(h)(3).


Dated:   February 22, 2011

   s/ Arthur J. Boylan            
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 8, 2011.